# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv246

| | |
|---|---|
| STEVE VAN DUYN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| INNOVATIVE MILL WRIGHT ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Defendant's Motion to Dismiss [# 11]. Plaintiff brought this action against Defendant asserting a single negligence claim. Defendant moves to dismiss the Amended Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Defendant contends that the Court lacks personal jurisdiction over it as a non-resident corporation that is not doing business in North Carolina. Upon a review of the pleadings and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 11] as **DISMISS** the Amended Complaint without prejudice.

I. **Factual Background**

Plaintiff is a citizen and resident of North Carolina. (Pl.'s Am. Compl. ¶ 1.) Defendant is a Tennessee corporation doing business in the State of Tennessee.

-1-

(Id. ¶ 2.) Defendant's principal office is in Tennessee, and its registered agent is in Tennessee. (Id.)

In 2007, Plaintiff decided to move from California to North Carolina. (Id. ¶ 4.) In addition, Plaintiff decided to move his rare automobile parts company from California to Tennessee. (Id. ¶¶ 4, 6.) In order to facilitate the move of the company's inventory to Tennessee, Plaintiff leased a building in Tennessee. (Id. ¶ 6.) Plaintiff then moved approximately 500,000 pounds of inventory into the building he was leasing. (Id. ¶ 8.)

Approximately a year later, the owner of the building that Plaintiff was leasing to store his inventory contracted with Defendant to replace the building's roof. (Id. ¶ 9.) In the process of replacing the roof, however, Defendant cut holes in the roofing system causing excessive water damage to Plaintiff's inventory being stored in the building. (Id. ¶¶ 9-10.) Plaintiff then brought this action in the United States District Court for the Western District of North Carolina, Asheville Division asserting a negligence claim against Defendant.

**II. Analysis**

A plaintiff bears the burden of proving that the Court has personal jurisdiction over a defendant by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

Courts are provided flexibility in how the address a motion to dismiss for lack of personal jurisdiction. For example, a Court may rule on the motion based on the pleadings, hold an evidentiary hearing, or allow jurisdictional discovery prior to ruling on the motion. See Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., No. 5:11cv139-RLV, 2012 WL 4888322 (W.D.N.C. Oct. 12, 2012) (Voorhees, J.) However, when the District Court rules on a defendant's Rule 12(b)(2) motion to dismiss without an evidentiary hearing, a plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over the defendant. Id.; Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In determining whether a plaintiff has made this prima facie showing, the Court construes the allegations in the complaint in the light most favorable to the plaintiff and must resolve all factual disputes in favor of the plaintiff. New Wellington, 416 F.3d at 294; Mylan Labs., 2 F.3d at 60.

In order to determine whether Plaintiffs have satisfied their burden, the Court must engage in a two-step analysis. Ellicott Mach. Corp ., Inc. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir.1982). First, the Court must determine whether the exercise of jurisdiction over a nonresident defendant is authorized by North Carolina's long-arm statute. New Wellington, 416 F.3d at

294; Ellicott Mach., 995 F.2d at 477. Second, the Court considers whether the exercise of jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Because the North Carolina Supreme Court has interpreted the state's long-arm statute to reach the constitutional limits of due process, Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C.1977), courts have compressed this two-step inquiry into a single inquiry, see CEM Corp. v. Personal Chemistry, 55 F. App'x 621, 623 (4th Cir. 2003) (unpublished); Gen. Latex & Chem. Corp. v. Phoenix Med. Tech., Inc. 765 F. Supp. 1246, 1249 n. 1 (W.D.N.C.1991) (Potter, J.); Shinn v. Greeness, 218 F.R.D. 478, 481 (M.D.N.C.2003).

Personal jurisdiction may either be specific or general. ALS Scan Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002). Where a defendant's contacts with the forum state also provide the basis for the suit against the defendant, the contacts may establish specific jurisdiction. Id.; Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003). "In determining whether specific jurisdiction exists, we consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities

directed at the state; and (3) whether the exercise of personal jurisdiction would be considered reasonable." Carefirst, 334 F.3d at 397 (internal quotation and citation omitted); see also Consulting Eng'r Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009). In contrast, where a defendant's contacts with the forum state are not also the basis of the claims, then jurisdiction over the defendant must constitute general jurisdiction. Id. "To establish general jurisdiction, the defendant's activities in the state must have been continuous and systematic." Id. (internal quotations and citation omitted.)

Plaintiff has failed to set forth even a prima facie showing that this Court can exercise personal jurisdiction over Defendant.[1] The Amended Complaint alleges that Defendant is a Tennessee corporation doing business in Tennessee with its principal office in Tennessee. All of the alleged acts giving rise to this dispute occurred in Tennessee. The damage to Plaintiff's property occurred in Tennessee. In fact, there is not a single allegation in the Amended Complaint that Defendant ever conducted business in North Carolina or had any contacts with North Carolina. The only connection between North Carolina and this dispute is that

---

[1] Plaintiff seems to confuse the concept of personal jurisdiction with that of subject matter jurisdiction. The fact that this Court may have subject matter jurisdiction over this dispute on the basis of diversity jurisdiction because the parties are residents of different states, does not mean that the Court may exercise personal jurisdiction over a foreign corporation such as Defendant.

Plaintiff happens to currently reside in North Carolina.

Moreover, in response to the Motion to Dismiss, Plaintiff has failed to set forth any legitimate basis for exercising personal jurisdiction over Defendant.[2] And Plaintiff has failed to demonstrate that jurisdiction discovery would dictate a different result or is otherwise necessary in this case. The burden is on Plaintiff to plead sufficient factual allegations in the Amended Complaint demonstrating a prima facie case of personal jurisdiction. Having failed to do so, the Amended Complaint is subject to dismissal. Based upon this Court's review of the pleadings, Plaintiff could and should have brought this action in a Federal Court in Tennessee, not in the United States District Court for the Western District of North Carolina. Because this Court lacks personal jurisdiction over Defendant, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss and dismiss this case without prejudice.

**III. Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss and **DISMISS** this case without prejudice [# 11].

---

2    In contrast to Plaintiff's contention to the contrary, the "local injury; foreign act" provision of the North Carolina long-arm statute has no bearing on this dispute, as even a cursory review of the pertinent statute would reflect. See N.C. Gen. Sat. § 1-75.4.

Signed: March 19, 2014

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge 

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).